RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
MOHAMMED OMER KHOKHAR,        :
          :       **COMPLAINT**

        Plaintiff,     :

          :

      -against-     :

          :

CROSS COUNTY PETROLEUM Inc., ABID   :
HUSSAIN, an individual, UMAR GHANI, an   :
Individual, and FIAZ AHMED, an individual  :

          :

      Defendants.    :
--------------------------------------------------------------------X

       Plaintiff MOHAMMED OMER KHOKHAR  ("plaintiff"), by counsel, RAYMOND

NARDO, P.C., upon personal knowledge, complaining of defendants, CROSS COUNTY

PETROLEUM Inc., ABID HUSSAIN, UMAR GHANI, and FIAZ AHMED, jointly and

severally (collectively referred herein as "defendants") allege:


**NATURE OF THE ACTION**

      1.     This action seeks to recover unpaid minimum wages, overtime pay, and

other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"),

and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of plaintiff.

      2.     Defendants deprived plaintiff of the protections of the FLSA and NYLL by

failing to pay minimum wage and/or overtime pay and by failing to pay plaintiff for all hours worked.

## JURISDICTION

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court also has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because defendants CROSS COUNTY PETROLEUM Inc. is located in the Southern District of New York and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7.      Defendants employed plaintiff as cashier and gas station attendant.

8.       Plaintiff's duties were to monitor the cash register, sell lottery tickets, pump gas, clean, mop and vacuum the store, make coffee, and other duties, as assigned.

9.      Defendants paid plaintiff from $9 per hour to $11 per hour during the time he worked for defendants.  Defendants did not pay plaintiff minimum wage and premium pay at the rate of time and one half of the regular hourly pay for hours worked in excess of 40 hours per week.

10.     Plaintiff resides in the Bronx, NY.  He was employed by defendants as a cashier and gas station attendant from approximately November 2016 through September 2018.

11.     During this time, he worked approximately 60 to 75 hours per week.

12.     Plaintiff was not permitted an uninterrupted half hour for required meal breaks.

13.     Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

14.     At all times relevant to this action, plaintiff was individually engaged in commerce or in the production of goods for commerce on behalf of defendants. Specifically, plaintiff was involved in the sale and shipment of gasoline and convenience store items, which were shipped from other States.

**Defendants**

15.     Defendant CROSS COUNTY PETROLEUM Inc. is a New York corporation with its principal executive office located at 191 Mclean Avenue, Yonkers, NY 10705 in the Southern District of New York.

16.     Defendant CROSS COUNTY PETROLEUM Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.  Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including gasoline, alcohol, dry goods, over the counter pharmaceuticals, and food; and (2) an annual gross volume of sales in excess of

$500,000.

17.    CROSS COUNTY PETROLEUM Inc. is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiff.

18.    At all relevant times, CROSS COUNTY PETROLEUM Inc. has maintained control, oversight, and direction over plaintiff.

19.    Defendant ABID HUSSAIN is an owner and/or officer of both corporations.  He exercises sufficient control over CROSS COUNTY PETROLEUM, Inc.'s operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices at both corporation.

20.    Defendant UMAR GHANI is an owner and/or officer of both corporations.  He exercises sufficient control over CROSS COUNTY PETROLEUM, Inc.'s operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices at both corporation.

21.    Defendant FIAZ AHMED  is an owner and/or officer of both corporations.  He exercises sufficient control over CROSS COUNTY PETROLEUM, Inc.'s operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority

regarding the pay practices at both corporation.

22.     The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

**DEFENDANTS' FAILURE TO PAY MINIMUM WAGE AND OVERTIME PAY**

23.     Defendants suffered or permitted plaintiff to work over 40 hours per week.  During regular workweeks, Defendants did not compensate plaintiff for minimum wage and premium pay at time and one-half the full minimum wage rate for the overtime hours they worked.

**SPREAD OF HOURS PAY**

24.     Under New York State law, the "spread of hours" is the number of hours from the time that an employee starts working on a particular day until the time that the employee ceases work for that day. New York State law requires that an employer pay an employee one (1) extra hour of pay at the minimum wage for each day that employee's spread of hours (regardless of the hours actually worked) is ten (10) hours or more.

25.     On most days, plaintiff's spread of hours was ten hours or more per workday.

26.     Defendants never paid any spread of hours pay for days in which the spread of hours was ten (10) hours per day, or more.

27.     Defendants knowingly and willfully failed to pay Plaintiff any additional compensation for working a "spread of hours" exceeding ten hours per day as required by the New York State labor regulations.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

28.     The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

29.     Defendants failed to furnish plaintiff with wage notices as required by § 195(1) of the Labor Law.

30.     The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

31.     Defendants also failed to furnish plaintiff with accurate statements of wages, as required by § 195(3) of the Labor Law.

## DEFENDANTS' UNLAWFUL DEDUCTIONS FROM PAY

32.     During the time that plaintiff worked there, defendants would unlawfully deduct the following from plaintiff's wages:  alleged shortages from the cash register. These deductions were up to $100 per week, and occurred several times per month.

33.     Said deductions from wages are no permitted without prior notification in

writing and as prescribed under Article 6 of the New York State Labor Law.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act – Unpaid Minimum Wages and Overtime)

34.     Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

35.     At all times relevant, plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

36.     At all times relevant, defendants have been employers of plaintiff, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

37.     Defendants have failed to pay plaintiff minimum wage and premium overtime wages to which they are entitled under the FLSA for all hours worked beyond 40 hours per workweek.

38.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

39.     Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

40.     As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied minimum wages and overtime in accordance with

the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### (New York Labor Law – Unpaid Minimum Wage and Overtime)

41.     Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

42.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

43.     At all times relevant, plaintiff has been an employee of defendants, and defendants have been employers of plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

44.     Defendants have failed to pay plaintiff the minimum and premium overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

45.     Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

46.     Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants her unpaid minimum wages, liquidated damages as provided

for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### (New York Labor Law – Failure to Provide Wage Notices)

47.     Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

48.     Defendants have willfully failed to supply plaintiff with a wage notices, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by plaintiff as their primary language, containing plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

49.     Through their knowing or intentional failure to provide plaintiff with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

50.     Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## FOURTH CAUSE OF ACTION
### (New York Labor Law – Failure to Provide Wage Statements)

51.    Defendants have willfully failed to supply plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

52.    Through their knowing or intentional failure to provide plaintiff with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

**53.**    Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $5,000,  plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## FIFTH CAUSE OF ACTION
### (New York Labor Law – Spread of Hours Pay)

54.    Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

55.    Defendants regularly and knowingly required plaintiff to be at work for a

spread of hours equal to, or greater than, ten (10) hours per day.

56.    Defendants knowingly, willfully, and intentionally failed to pay Plaintiff one extra hour's pay at minimum wage for every day in which the interval between Plaintiff's start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

57.    Because of Defendants' willful violation of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(Unlawful Deductions from Pay)**

58.    Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

59.    Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

60.    Pursuant to the New York Labor law, defendants are not permitted to deduct any amounts from wages paid to plaintiff without written notice in advance, and as prescribed by law.

61.    Defendants unlawfully deducted alleged "shortages" from plaintiff's pay,

as set forth herein, including plaintiff's entire paycheck for his last week of work.

62.    Said deductions from wages are prohibited and unlawful under § 193 of the New York Labor Law.

63.    Because of Defendants' willful violation of Article 6 of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, the unlawful deductions from pay, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

64.    Plaintiff demands trial by jury.


## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a.    Declaring that defendants have violated the minimum wage, overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

b.    declaring that defendants have violated the minimum wage, overtime pay provisions of the NYLL, and supporting regulations;

c.    declaring that defendants have violated the Wage Theft Prevent Act;

d.    declaring that defendants have violated the Spread of Hours law;

e.    declaring that defendants' violations of the FLSA were willful;

f.    declaring that defendants' violations of the NYLL were willful;

g.    awarding plaintiff damages for all unpaid wages;

h.      awarding plaintiff liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

i.      awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

j.      awarding plaintiff liquidated damages of  $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

k.      issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

l.      awarding plaintiff damages, including liquidated damages, for all unlawful deductions made under Article 6 of the Labor Law.

m.      awarding plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

n.      granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

o.      awarding plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

p.      awarding such other and further relief as the Court deems just and

proper.

Dated:  Mineola, NY
           October 10, 2018

                              RAYMOND NARDO, P.C.

                              By:  _____/s/_____
                                   Raymond Nardo, Esq.
                                   129 Third St
                                   Mineola, NY 11501
                                   (516) 248-2121
                                   raymondnardo@gmail.com
                                   *Counsel for Plaintiff*